940 F.2d 653
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herb SILVERMAN, David H. Cohen, Sharon Fratepietro,
individually and on behalf of others similarly
situated, Plaintiffs-Appellants,
v.
James B. ELLISOR, Neal D. Thigpen, William B. Depass, C.D.
Sexton, Roger Leaks, Jr., Margaret S. Townsend,
and their successors in office,
Defendants-Appellees.
 No. 91-1022.
 United States Court of Appeals, Fourth Circuit.
 Argued May 8, 1991.
Decided Aug. 14, 1991.
 
 1
 Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (CA-90-1150-2-18)
 
 
 2
 Edmund Heyward Robinson, Shimel, Ackerman, Theos, Spar & Robinson, Charleston, S.C., for appellants.
 
 
 3
 Bradish Johnson Waring, Young, Clement, Rivers & Tisdale, Charleston, S.C. (Argued), for Appellees; Stephen P. Groves, Lucinda Jenkins Haley, Young, Clement, Rivers & Tisdale, Charleston, S.C., Treva G. Ashworth, Office of the Attorney General, Columbia, S.C., on brief.
 
 
 4
 D.S.C.
 
 
 5
 AFFIRMED.
 
 
 6
 Before SPROUSE and NIEMEYER, Circuit Judges, and HERBERT F. MURRAY, Senior United States District Judge for the District of Maryland, sitting by designation.
 
 OPINION
 HERBERT F. MURRAY, Senior District Judge:
 
 7
 Herb Silverman, David Cohen and Sharon Fratepietro, individually and on behalf of others similarly situated ("appellants") seek review of an order by the United States District Court of South Carolina, Charleston Division. By that order, the district court granted a motion to dismiss by James B. Ellisor, Neal D. Thigpen, William B. DePass, C.D. Sexton, Roger Leaks, Jr., and Margaret S. Townsend, and their successors in office ("appellees" or "the Commission") and denied a motion for summary judgment by appellants, because "this case [did] not meet the threshold requirement of ripeness." Joint appendix at 52 n. 8.
 
 
 8
 A district court's legal conclusion regarding ripeness is to be reviewed de novo. Executive 100, Inc. v. Martin County, 922 F.2d 1536, 1549 (11th Cir.1991); Herrington v. County of Sonoma, 857 F.2d 567, 568 (9th Cir.1988). The findings of fact that underlie a district court's ripeness determination, on the other hand, are not to be disturbed unless they are clearly erroneous. Winter v. California Medical Review, Inc., 1990 W.L. 266354,* 1 (9th Cir.1990); Rocky Mountain Oil and Gas Association v. Watt, 696 F.2d 734, 742 (10th Cir.1982). Because we find, after a de novo review, that the district court's legal conclusion regarding ripeness was correct, and because its findings of fact underlying the ripeness determination were not clearly erroneous, we affirm.
 
 I.
 
 9
 Appellant Silverman, a would-be candidate for governor of South Carolina, and his supporters, appellants Cohen and Fratepietro, brought this suit against appellees, individual members of the South Carolina Election Commission, in their official capacities, on May 29, 1990. Silverman sued on his own behalf and on behalf of a class of present and future South Carolinians who wish to run for governor or any other state office and who deny the existence of "a" or "the" supreme being. Cohen and Fratepietro sued on their own behalf and on behalf of a class of all South Carolinians who may wish to vote for a candidate for governor or any other state office who denies the existence of "a" or "the" supreme being.
 
 
 10
 Appellants filed an amended complaint on July 19, 1990, and a second amended complaint on August 1, 1990. In their second amended complaint, appellants brought an action under 42 U.S.C. Sec. 1983 et seq., seeking declaratory and injunctive relief. They asked that the district court declare that "sections of the South Carolina Constitution which disqualify from public office persons who deny the existence of 'the Supreme Being' are unconstitutional and should not be enforced." Joint appendix at 22. On July 17, 1990, appellees filed a motion to dismiss the amended complaint, and on August 8, 1990, they filed a second motion to dismiss, asserting that no case or controversy was presented. Appellants then filed a motion for summary judgment on August 19, 1990. On September 21, 1990, the district court held a hearing on the three motions, and, on October 31, 1990, issued an order denying appellants' motion for summary judgment and granting appellees' second motion to dismiss. It is from this order that appellants now seek relief.
 
 II.
 
 11
 The district court, in its October 31, 1990, order, found the following facts:
 
 
 12
 On April 25, 1990, Silverman, an atheist, filed a statement of intention to run for Governor of South Carolina in the November 6, 1990, election. A few weeks prior to this announcement, it was reported in the news that Silverman was an atheist and that, according to Commissioner James B. Ellisor, the Commission might challenge Silverman's qualifications. However, Ellisor later stated that despite his religious beliefs, Silverman would be eligible to run for Governor and his name would appear on the November ballot if he otherwise qualified as a candidate. At a May 15, 1990, meeting, the Commission confirmed that Silverman's denial of belief in the Supreme Being did not disqualify him as a candidate.
 
 
 13
 Joint appendix at 45. Our review of the record presented on appeal convinces us that these factual findings were not clearly erroneous, and therefore we shall not disturb them. Id.
 
 
 14
 After discussing the grounds for relief set forth by the parties in their respective motions, the district court in its order raised the issue of ripeness as a possible bar to the district court's jurisdiction. The court concluded that, indeed, the issues presented in the case were not ripe, stating that [b]ecause it is far from certain that Silverman will be elected Governor in November, or, that if he is elected, the Commission will invoke the Supreme Being provision, resolution of the sensitive question of whether the Supreme Being provision violates the United States Constitution must be held in abeyance until a more concrete challenge to the provision is presented.
 
 
 15
 Joint appendix at 51-52.
 
 
 16
 Appellants urge that this conclusion was erroneous. They argue, first, that it was improper for the district court to introduce the question of Mr. Silverman's chances of winning the election into the court's justiciability analysis. In support of their position, appellants cite Zielasko v. State of Ohio, 873 F.2d 957 (6th Cir.1989), and aver that under the Sixth Circuit's holding in that case [i]t is clearly not the law that a candidate must win, or demonstrate a significant chance of winning, in order to challenge a qualification for holding office.... Plaintiffs [in Zielasko ] were a would-be candidate for judicial office [who was over the age of 70] and a would-be voter for that candidate. The Ohio constitution prohibited any judge from assuming office after his or her 70th birthday. Despite the fact that he had not filed for the office and the voter had not circulated petitions, the case was held ripe.
 
 
 17
 Appellants' brief at 10.
 
 
 18
 What appellants fail to note about Zielasko, however, is that the Sixth Circuit held that the controversy was ripe because the would-be candidate, Zielasko, was required to sign a declaration of candidacy stating he was qualified for the office he was seeking in order to make his candidacy official. That declaration was made under threat of criminal penalty for "election falsification". Because Zielasko was over seventy years old, he did not meet the statutory election qualification requirements, and, consequently, had he filed a declaration of candidacy stating that he was a qualified candidate he would have subjected himself to possible criminal penalty. The Sixth Circuit thus held that "[b]ecause Zielasko would have filed a declaration of candidacy but for the fear of criminal penalty for election falsification, a justiciable controversy exists in this case." 873 F.2d at 959 (emphasis in original).
 
 
 19
 In the instant case, no such fear or threat of criminal penalty was present. So long as Silverman was otherwise qualified as a candidate, either by being nominated by a recognized party or by submitting a petition with 10,000 signatures, he was in no way precluded from running for governor of South Carolina, in spite of his lack of belief in " 'a' or 'the' Supreme Being." The holding in Zielasko, therefore, is inapposite to the situation presented here, and the district court's consideration of the future uncertainty of the harm complained of was properly included in its ripeness analysis. We concur with the district court's conclusion that appellants' case was not ripe in this regard, as the harm of which they complained was contingent on an eventuality which may never come to pass, namely Silverman's election to the office of governor.
 
 
 20
 Appellants also argue that it was improper for the district court, in determining whether or not the controversy was ripe, to consider the likelihood of enforcement of the pertinent constitutional provisions by the Commission. Appellants cite Turner v. Fouche, 396 U.S. 346, 362 n. 23 (1970), as standing for the proposition that "[a state] can hardly urge that her ... officials may be depended on to ignore a provision of state law." In the instant case, however, there was ample reason for the district court to conclude that South Carolina would not enforce the constitutional provisions here in issue to preclude Silverman from running for governor. As the district court properly noted, "the Commission ... stated that it would have permitted Silverman to be on the ballot if he had otherwise qualified as a candidate." Joint appendix at 51. The court went on to state that "[i]n the absence of any evidence that the Commission intends to enforce the Supreme Being provision, this Court must refrain from deciding the delicate constitutional issue before it. See Smith v. Nat'l Conference of Catholic Bishops, 653 F.2d 535 (D.C.Cir.1981) (where the Court held that an action to challenge a statute that had not been enforced against the plaintiff was not ripe.)" Id.
 
 
 21
 A copy of the minutes from the May 15, 1990, Commission meeting at which Mr. Silverman's candidacy was discussed is included in the record. Our review of these minutes reveals that the Commission did not intend to enforce the pertinent constitutional provisions against Mr. Silverman and thereby prevent him from running for governor. The pertinent portion of the minutes reads as follows:
 
 
 22
 Dr. Thigpen asked for a motion for the Commission to agree that Mr. Silverman is eligible at this time if he has been properly nominated. Mr. DePass asked if this would mean that the Commission was in agreement that Mr. Silverman's denial of belief in a Supreme Being did not disqualify him as a candidate if he was otherwise qualified. Mr. Ellisor said yes. Mr. DePass made the motion. Mr. Leaks seconded. The Commission was in agreement.
 
 
 23
 Joint appendix at 9. We conclude, therefore, that it was proper for the district court to consider the likelihood of the Commission's enforcement of the constitutional provisions at issue in its ripeness analysis. And, because the record reveals no indication by the Commission that it would enforce the provisions against Mr. Silverman--indeed, the only indication is that the Commission would not enforce them--we agree with the district court that the controversy before it was not ripe in this regard, either.
 
 III.
 
 24
 Accordingly, because we agree with the district court's conclusion that no ripe controversy was presented by this case, we affirm the district court's order denying appellants' motion for summary judgment and granting appellees' second motion to dismiss.
 
 
 25
 AFFIRMED.
 
 
 26
 SPROUSE and NIEMEYER, Circuit Judges, joined.